**BLOCK & LEVITON LLP**
Whitney E. Street (CA Bar No. 223870)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-1852
Fax: (617) 507-6020
Email: whitney@blockleviton.com

**LOWEY DANNENBERG, P.C.**
Andrea Farah (*pro hac vice forthcoming*)
Christian Levis (*pro hac vice forthcoming*)
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
Email: afarah@lowey.com
          clevis@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HESSONG, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PINTEREST, INC., BEN SILBERMANN and TODD MORGENFELD,<br><br>Defendants. | Case No. 3:20-CV-08243-WHO<br><br>**STIPULATION AND ORDER TO VACATE INITIAL CASE MANAGEMENT CONFERENCE, RESET ALL RELATED DEADLINES, AND EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** |

**WHEREAS**, on November 23, 2020, plaintiff Paul Hessong ("Hessong") filed a putative securities class action complaint (the "Complaint") against defendants Pinterest Inc., Ben Silbermann, and Todd Morgenfeld (collectively, "Defendants") (ECF No. 1);

**WHEREAS**, the undersigned counsel for Defendants has agreed to accept service of the Complaint, subject to a reservation of all rights, claims, and defenses, including defenses to jurisdiction, other than a defense to the sufficiency of service of the Complaint;

**WHEREAS,** the Complaint asserts federal securities claims arising under the Securities Exchange Act of 1934, which is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*;

**WHEREAS**, the PSLRA provides a procedure for the appointment by the Court of a lead plaintiff and lead counsel after the expiry of 60-day notice period following the public notice of the filing of an initial securities class action and for which opening briefs are to be filed on or before the statutory deadline of January 22, 2021 (15 U.S.C. § 78u-4(a)(3));

**WHEREAS**, lead plaintiff and lead counsel will not be appointed until after the completion of briefing on any lead plaintiff motions, and accordingly it is unclear at this time who will ultimately have the authority to act on behalf of the putative class, and whether the court-appointed lead plaintiff will file an amended complaint, a consolidated complaint, or stand on the initial complaint filed herein;

**WHEREAS,** on November 24, 2020, this Court issued an Order Setting Initial Case Management Conference And ADR Deadlines, which scheduled an Initial Case Management Conference on February 23, 2021, a Rule 26(f) and Rule 26(a) disclosure deadline on February 16, 2021, and Alternative Dispute Resolution ("ADR") deadlines on February 2, 2021 (ECF No. 4);

**WHEREAS**, pursuant to the PSLRA (15 U.S.C. § 78u-4(b)(3)(B)), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary";

**WHEREAS**, in *Medhekar v. U.S. District Court*, 99 F.3d 325, 328-29 (9th Cir. 1996), the Ninth Circuit Court of Appeals held that the initial disclosure requirements of Rule 26(a)(1) are "discovery" for purposes of the PSLRA's stay provision, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the PSLRA;

**WHEREAS**, to avoid unnecessary expense to the parties and unnecessary expenditure of time by the Court prior to the appointment of lead plaintiff and lead counsel and the filing of an amended complaint, a consolidated compliant, or the designation of an operative complaint, the parties have agreed, subject to the Court's approval, that Defendants should not respond to the Complaint;

**WHEREAS**, the parties believe that holding a Case Management Conference or ADR proceedings prior to the anticipated filing or designation of an operative complaint and any response thereto would result in duplicative effort and waste of judicial resources; and

**WHEREAS**, no party has previously requested or received time for an extension to answer or otherwise respond to the Complaint.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, through their respective counsel, subject to the approval of the Court, as follows:

1. Defendants' counsel identified below are authorized to accept, and hereby do accept, service of the Complaint (ECF No. 1) on behalf of Defendants, and expressly reserve all rights, claims, and defenses, including defenses related to jurisdiction, other than a defense as to the sufficiency of service of process of the Complaint.

2. Defendants shall not be required to answer, move, or otherwise respond to the Complaint, and shall not waive any rights, arguments, or defenses by failing to answer, move, or otherwise respond to the Complaint.

3. In the event that any substantially similar additional complaints are filed against the Defendants arising out of the facts and circumstances alleged in the initial complaint, Defendants shall likewise not be required to answer, move, or otherwise respond to those additional complaints,

and shall not waive any rights, arguments, or defenses by failing to answer, move, or otherwise respond to those additional complaints, until after a lead plaintiff is appointed.

4. Within fourteen (14) days of the entry of an order appointing lead plaintiff and lead counsel, lead counsel and counsel for Defendants shall submit to the Court a proposed schedule for filing an amended complaint or designating the operative complaint and for any answer, motion or other response thereto.

5. The Initial Case Management Conference currently scheduled for February 23, 2021, along with all other deadlines in the Order Setting Initial Case Management Conference and ADR Deadlines, shall be vacated and reset after the appointment of lead plaintiff and lead counsel.

**IT IS SO STIPULATED**

Respectfully Submitted,

Date: December 9, 2020
San Francisco, CA

**BLOCK & LEVITON LLP**
By: */s/ Whitney E. Street*
Whitney E. Street (CA Bar No. 223870)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-1952
Fax: (617) 507-6020
Email: whitney@blockleviton.com

**LOWEY DANNENBERG, P.C.**
Andrea Farah (*pro hac vice forthcoming*)
Christian Levis (*pro hac vice forthcoming*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
Email: afarah@lowey.com
         clevis@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

| | |
|---|---|
| Date: December 9, 2020<br>Menlo Park, CA | By: /s/ Boris Feldman<br>BORIS FELDMAN, State Bar No. 128838<br>Boris.feldman@freshfields.com<br>DORU GAVRIL, State Bar No. 282309<br>doru.gavril@freshfields.com<br>DREW LIMING, State Bar No. 305156<br>drew.liming@freshfields.com<br>FRESHFIELDS BRUCKHAUS DERINGER US LLP<br>2710 Sand Hill Road<br>Menlo Park, CA 94025<br>Telephone: (650) 618-9250<br><br>MARY EATON (*pro hac vice forthcoming*)<br>mary.eaton@freshfields.com<br>601 Lexington Avenue, 31st Floor<br>New York, NY 10022<br>Telephone: (212) 277-4001<br><br>*Attorneys for Defendants Pinterest Inc.,*<br>*Ben Silbermann, and Todd Morgenfeld* |

### CIVIL L.R. 5-1(i)(3) ATTESTATION

I, Whitney E. Street, am the ECF user whose ID and password are being used to file this STIPULATION AND [PROPOSED] ORDER TO VACATE INITIAL CASE MANAGEMENT CONFERENCE, RESET ALL RELATED DEADLINES, AND EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that counsel for all parties have concurred in this filing.

Dated: December 9, 2020                                By:   /s/ Whitney E. Street
                                                                    Whitney E. Street

### ORDER

Pursuant to the Stipulation, IT IS SO ORDERED.

Dated: December 14, 2020

_____
The Hon. William H. Orrick
U.S. District Judge